UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE SIMS,

    Plaintiff,                    No. 14-13381

v.                                   District Judge Sean F. Cox
                                          Magistrate Judge R. Steven Whalen

FEDERAL HOME LOAN MORTGAGE
CORPORATION and OCWEN LOAN
SERVICING, LLC,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

       This is a mortgage foreclosure case. On August 15, 2014, Plaintiff Donnie Sims, through counsel, filed a civil complaint in the Oakland County Circuit Court. On September 2, 2014, Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ocwen Loan Servicing, LLC ("Ocwen") removed the case to this Court. Before the Court is Defendants' Corrected Motion to Dismiss [Doc. #5], filed on October 10, 2014, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Plaintiff has not filed a response. For the reasons discussed below, I recommend that the Defendants' motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

       On October 22, 2007, the Plaintiff received a $99,900.00 loan from Shore Mortgage for the purchase of real property in Southfield, Michigan. The loan was secured by a mortgage granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Shore Mortgage. On or about November 14, 2012, MERS assigned the

mortgage to GMAC Mortgage, LLC ("GMAC"), and on or about September 3, 2014, GMAC assigned the mortgage to Ocwen.

Following the Plaintiff's default, Ocwen commenced foreclosure by advertisement proceedings, and on February 18, 2014, Freddie Mac purchased the property at a Sheriff's Sale. The statutory redemption period expired on August 18, 2014. The Plaintiff did not redeem the property.

In his complaint, the Plaintiff brings claims of wrongful foreclosure (Count I), breach of contract (Count II), and fraudulent misrepresentations (Count III). He asks that the Sheriff's Deed to Freddie Mac be set aside and that the matter proceed as a judicial foreclosure.

## II.　STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a

right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

The resolution of the Defendants' motion hinges on whether the complaint plausibly sets forth a claim that the foreclosure was defective. It does not.

Following the Sheriff's Sale, the Plaintiff failed to redeem the property within the six-month statutory redemption period, and therefore does not have standing to contest

the foreclosure. In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942)(because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). *Id*. at 187; M.C.L. § 600.3236[1]; *Conlin v. MERS*, 714 F.3d 355, 359 (6th Cir. 2013)(citing *Piotrowski*).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.'" *El-Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013)(citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id*. In *Conlin, supra* the Sixth Circuit, citing *El-Seblani*, stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

The fraud must relate to the foreclosure proceeding itself. *Conlin, supra*.

---

[1]M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:
Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

Plaintiff has not stated a plausible claim of fraud. A claim of fraud must allege the following: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements "is fatal to a recovery." *Id.* (Internal citations omitted). Further, a claim of fraud "must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir.1993). "The Rule's purpose is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich.2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

At ¶ 22 of the complaint, the Plaintiff does specify some statements that he alleges were false, including a representation by "the Servicer" that no foreclosure sale would take place, and that consideration would be given to his loan modification requests, "even after [f]oreclosure had commenced." However, the Plaintiff does not identify who made these statements, nor does he specify where and when these statements were made. These omissions are "fatal to recovery." *Hi-Way Motor Co., supra*.

Furthermore, the Plaintiff has not shown that he would have been prejudiced in the foreclosure sale by any alleged fraud. In *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich.

98, 115, 825 N.W.2d 329 (2012), the Court held that to even show that a foreclosure is *void*, "plaintiffs must show that they were prejudiced by defendant's failure to comply with [M.C.L.] 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." In *Conlin*, 714 F.3d at 362, the Court noted as follows regarding the requirement of prejudice:

> "Even were the assignment from MERS to U.S. Bank invalid, thereby creating a defect in the foreclosure process under § 600.3204(1)(d), Plaintiff has not shown that he was prejudiced. He has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way."

Here, the Plaintiff defaulted on his promissory note. He would be in no better position to keep his property notwithstanding any generalized claim of fraud in the foreclosure proceeding.

Finally, the Plaintiff alleges a breach of contract claim premised on the theory that "Investor and Servicer are subject to the implied covenant of good fait and fair dealing imposed in every contract." *Complaint*, ¶ 19. However, "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich.App. 463, 476, 666 N.W.2d 271 (2003) citing *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich.App. 194, 197, 480 N.W.2d 910 (1991).

## IV. CONCLUSION

For these reasons, I recommend the Defendants' unopposed motion to dismiss [Doc. #5] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 20, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 20, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen